■ HUDSON CITY SAVINGS INSTITUTION, Respondent, v JOSEPH J. BURTON, Defendant, and ANNE E. BURTON, Appellant. — Appeal from an order of the County Court of Columbia County (Zittell, J.), entered December 2, 1980, which, *inter alia,* granted plaintiff bank's motion for summary judgment for foreclosure of a mortgage. Since relief in the form of restitution would be available if defendant Anne E. Burton (defendant) were to succeed on this appeal, neither the failure to post an undertaking to obtain an automatic stay (CPLR 5519, subd [a], par 6) nor the sale of the foreclosed premises renders the appeal moot. Turning to the merits, we find that plaintiff was entitled to summary judgment and, therefore, the order must be affirmed. Defendant contends that her allegations concerning her six affirmative defenses created questions of fact precluding summary judgment. There is no merit to this contention. With respect to the defense of tender, it is the general rule that a mortgagor's tender of the entire amount necessary to expunge all default prior to the mortgagee's exercise of the acceleration option is a complete defense (see *Sherwood v Greene,* 41 AD2d 881). Defendant's only tender occurred on or about July 25, 1980 and since it did not include the July, 1980 payment, which was then in default, it was not a tender of the entire amount then due. The acceleration clause here is in statutory form (Real Property Law, § 258,

schedule N, par 4) under which no notice of default or demand for payment is required as a condition precedent to declaring the entire amount due and commencing a foreclosure action (*Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472, 475). In the absence of waiver or estoppel, or bad faith, fraud or oppressive or unconscionable conduct on the part of plaintiff mortgagee, plaintiff had the right to exercise its option anytime after the expiration of the grace period (*Ferlazzo v Riley,* 278 NY 289, 292). Defendant's allegations do not indicate any bad faith, fraud, or oppressive or unconscionable conduct by plaintiff. With respect to waiver or estoppel, even assuming that plaintiff's conduct led defendant to believe strict compliance with the terms of the mortgage was not required, her failure to tender the entire amount then due after learning of plaintiff's intent to insist on strict compliance neutralized the defense (see *Jamaica Sav. Bank v Cohan,* 36 AD2d 743). Moreover, defendant has not alleged that as a result of the purported waiver or estoppel she acted in any manner she otherwise would not have acted or that she failed to take steps she otherwise would have taken (cf. *Nassau Trust Co. v Montrose Concrete. Prods. Corp.,* 56 NY2d 175). The remainder of defendant's defenses are insufficient to defeat plaintiff's right to exercise the acceleration option and foreclosure (see *Shell Oil Co. v McGraw,* 48 AD2d 220, 222, app dsmd 40 NY2d 918). Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.