■ NORTHEAST SMALL BUSINESS INVESTMENT CORPORATION, Appellant, v WACCABUC INVESTORS, INC., et al., Respondents. — In an action to recover on a note and to foreclose a mortgage, plaintiff appeals from an order of the Supreme Court, Westchester County (Marbach, J.), dated June 4, 1981, which denied its motion for summary judgment on the ground that in their opposition papers defendants Waccabuc Investors, Inc., and Louis Boniello had raised an issue of fact precluding summary judgment by asserting that a subsequent oral modification of the note provided that it need not be paid until the Royal American Corporation paid its later mortgage to D. M. B. Builders, Inc. Order reversed, on the law, with $50 costs and disbursements, and motion for summary judgment granted. The papers submitted by defendants Waccabuc Investors, Inc. (Waccabuc) and Louis Boniello in opposition to plaintiff's motion are insufficient as a matter of law to prevent the granting of summary judgment. In December, 1978, Waccabuc executed a note for $75,000 in favor of plaintiff, Northeast Small Business Investment Corporation. To support this note Waccabuc gave a mortgage and its president, defendant Boniello, gave his personal guarantee and executed a security agreement. Although the note called for monthly payments, plaintiff asserts, and Waccabuc and Boniello do not deny, that only one payment of $1,000 was made on the Waccabuc mortgage. Thereafter, in March of 1979, Israel Mindick, an officer of plaintiff, agreed to buy certain properties from D. M. B. Builders, Inc. (D. M. B.), a corporation wholly owned by Boniello. The contract of sale specifically stated that Mindick could assign the contract to any corporation of which he was a principal officer and shareholder. In October of 1979, Royal American Corporation, of which Mindick was an officer, bought the properties from D. M. B., giving a mortgage for $100,000, which was shortly thereafter assigned to the European-American Bank, and on which the Royal American Corporation has made payments to the bank. Plaintiff instituted the instant suit, *inter alia,* to foreclose the Waccabuc mortgage, setting forth, as required, the documentary evidence of the note, the mortgage, the guarantee and security agreement, and the breach thereof, none of which defendants Waccabuc and Boniello controvert in their affidavits submitted in opposition to plaintiff's motion for summary judgment. They claim, however, that some time during the negotiations for the sale by D. M. B. to Royal American, an oral agreement was reached whereby this sale would temporarily relieve Waccabuc from its obligations under the 1978 note. Special Term found that these allegations raised "a sharp" issue of fact precluding summary judgment. We disagree. The affidavits in opposition are vague, confusing and conclusory (cf. *Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175). They totally fail to explain the

nature of the alleged oral modification. At one point, it is suggested that Waccabuc *need not make any* payment on the 1978 note until the Royal American mortgage was paid. However, at another point, Waccabuc and Boniello stated that the agreement provided that both mortgages would be held in abeyance and that neither would be paid so long as the other was outstanding. Waccabuc and Boniello also suggested that the terms of the alleged oral modification be decided by the court after trial. Clearly, these defendants have failed to lay bare their proofs and go beyond conclusory allegations *as is required to defeat plaintiff's summary judgment motion* (see *Federal Deposit Ins. Corp. v A-Leet Commercial Servs.,* 70 AD2d 627; *HNC Realty Corp. v Bay View Towers Apts.,* 64 AD2d 417). Moreover, except in cases involving a waiver or estoppel (see *Nassau Trust Co. v Montrose Concrete Prods. Corp., supra*), an alleged oral modification is not available to defend against the unconditional terms of a note where neither good consideration nor partial performance has been shown (*Orens v Pel's Food,* 54 AD2d 691; *Mattlage Sales v Howard Johnson's Wholesale Div.,* 39 AD2d 958). Aside from the fact that Mindick was an officer both of plaintiff and Royal American, and Boniello was an officer both of defendant Waccabuc and of D. M. B., no evidence was presented which tended to connect the two contracts or to show what possible consideration could have existed to induce plaintiff's *forbearance*. Moreover, it cannot be said that plaintiff's apparent failure to enforce the terms of the note was in furtherance of the alleged oral modification where *that* failure predated the alleged *subsequent* agreement. It is further noted that contrary to the claim of Waccabuc and Boniello that D. M. B. was holding the second mortgage in abeyance with respect to Royal American, that corporation is, in fact, making payments to the European-American Bank on that mortgage. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.