■ TRUSTCO BANK, NATIONAL ASSOCIATION, Respondent, v FREDERICK M. LABRIOLA et al., Appellants. [667 NYS2d 450] —Crew III, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 1, 1996 in Albany County, which, *inter alia*, granted plaintiff's motion for summary judgment.

At all times relevant to this appeal, plaintiff held a second mortgage upon certain real property owned by defendants located in the Town of Colonie, Albany County. In November 1995, defendants defaulted upon their obligations under the mortgage, prompting plaintiff to commence this foreclosure action. Following joinder of issue, plaintiff moved for, *inter alia*, summary judgment and defendants cross-moved for, *inter alia*, summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and denied defendants' cross motion, and this appeal by defendants ensued.

We affirm. In support of its motion for summary judgment, plaintiff submitted an affidavit from one of its senior installment loan officers, who averred that defendants defaulted upon their mortgage by failing to make the required payments beginning in November 1995 and, further, that at no point subsequent thereto did defendants tender sufficient funds to bring the loan current. Such proof, coupled with the documentary evidence contained in the record, was sufficient to establish defendants' default.

In opposition to plaintiff's motion, defendants offered little more than their conclusory assertion that they were not in default at the time that this foreclosure action was commenced. Although it appears that defendants did tender certain payments, the record fails to establish that such payments were made in compliance with the terms set forth by plaintiff and in a sum sufficient to bring defendants' loan obligation current. Indeed, defendant Frederick M. Labriola acknowledged in his affidavit that "there was not a complete remittance" of the sum demanded in the April 17, 1996 letter from plaintiff's counsel, which clearly advised defendants of the payment required to avoid foreclosure. Under such circumstances, Supreme Court properly granted plaintiff's motion for a judgment of foreclosure and sale (*see, e.g., West v Szwalla*, 234 AD2d 638; *Green Point Sav. Bank v Thomas*, 226 AD2d 427). Defendants'

remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.