■ CREDIT-BASED ASSET SERVICING AND SECURITIZATION, L. L. C., Appellant, v RAYMOND A. CASTELLI, JR., et al., Respondents, et al., Defendants. [711 NYS2d 624] —Rose, J. Appeal from an order of the Supreme Court (Coutant, J.), entered December 7, 1999 in Broome County, which, *inter alia*, denied plaintiff's motion for summary judgment.

Defendants Raymond A. Castelli, Jr. and Adina Castelli

(hereinafter defendants) failed to make their November and December 1998 mortgage payments to M&T Mortgage Corporation. M&T then sent a letter, dated December 29, 1998, informing defendants of their delinquency and stating that it could be cured by tendering within 30 days $1,509.86 plus any additional payments that became due between the date of the letter and the date payment was received. Near the end of January 1999, defendants mailed the specified amount for November and December to M&T, but nothing for January. On February 4, 1999, M&T returned defendants' check and informed them that additional fees of $1,400 had been added to the balance owed. On February 11, 1999, M&T assigned the mortgage to plaintiff. On March 2, 1999, plaintiff's counsel contacted defendants indicating that the mortgage could be reinstated upon their payment of $4,550. In response, defendants offered to pay $2,500 immediately and $2,050 within two weeks. Defendants allege that plaintiff's counsel told them that they would be informed if this was acceptable, but they heard nothing further.

On March 19, 1999, plaintiff commenced this foreclosure action against defendants and other interested parties. On March 30, 1999, before they were served with the summons and complaint, defendants mailed a check for $2,050, and on April 7, 1999 they sent a second check for $2,500. Plaintiff's counsel returned both checks with a letter stating that $7,548.85 was the amount necessary to reinstate the mortgage at that time. In May 1999, defendants served an answer. Plaintiff then moved for summary judgment striking defendants' defenses and counterclaims. Supreme Court denied the motion for summary judgment and plaintiff now appeals.

Plaintiff established a prima facie case for summary judgment by offering documentary evidence and other proof that it is the current holder of a valid mortgage executed by defendants and that defendants defaulted in making the prescribed monthly payments beginning in November 1998 (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Green Point Sav. Bank v Spivey*, 253 AD2d 410; *Northeast Small Bus. Inv. Corp. v Waccabuc Investors*, 90 AD2d 538). This proof shifted the burden to defendants (*see, Green Point Sav. Bank v Spivey, supra*, at 410). "It was then incumbent upon [defendants] to assert any defense which could properly raise a question of fact as to [their] default on the mortgage" (*LBV Props. v Greenport Dev. Co.*, 188 AD2d 588, 589 [citations omitted]; *see, Green Point Sav. Bank v Tornheim*, 261 AD2d 360).

In opposition to plaintiff's motion, defendants asserted that

their tender of the November and December 1998 payments in late January complied with the offer of reinstatement contained in M&T's December 29, 1998 letter. Defendants also alleged that plaintiff's rejection of their subsequent tender of $2,050 on March 30, 1999 and $2,500 on April 7, 1999 was improper because plaintiff's counsel failed to respond to their offer to make those payments within two weeks, and this deprived them of an opportunity to tender the amount due as of March 2, 1999.

Turning first to defendants' tender in response to M&T's letter, suffice it to say that reinstatement was expressly conditioned on defendants' payment of any additional amounts due by the time payment was received, and the terms of the note confirm that payments were due on the first of each month. Since defendants did not allege that the payment due on January 1, 1999 was included in their tender, they failed to establish tender of the full amount owed (see, *Hudson City Sav. Inst. v Burton*, 88 AD2d 728).

Turning next to defendants' second tender following a conversation with plaintiff's counsel on March 2, 1999, we find that they failed to raise an issue of fact as to plaintiff's obligation to accept their payments. If we consider defendants' characterization of their promise to pay $2,500 immediately and $2,050 within two weeks as an offer which plaintiff failed to accept, then there was no enforceable agreement. Since the debt had been accelerated by this time, plaintiff had no obligation to accept anything less than payment of the full amount owed under the mortgage (see, *First Fed. Sav. Bank v Midura*, 264 AD2d 407, 407-408). On the other hand, if, as Supreme Court found, defendants accepted an offer made by plaintiff's counsel forming an agreement between the parties, then there is no question that the agreement was not performed because defendants admittedly did not make the payments within two weeks. Defendants suggest in passing that plaintiff should be equitably estopped from rejecting their second tender as untimely because of its counsel's representation that they would be told if such payments were acceptable (see, *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184-186). However, as there can be no dispute that yet another monthly payment became due on April 1, 1999, before defendants mailed the second check, plaintiff's rejection of the tender would be warranted even if the payments were deemed timely (see, *Hudson City Sav. Inst. v Burton, supra*, at 729).

Finally, we find that plaintiff addressed each of defendants' other defenses and their counterclaim in its moving papers.

Defendants, however, failed to offer any evidentiary facts tending to establish any of these other claims, and plaintiff's motion to dismiss them should have been granted (see, *Trustco Bank, Natl. Assn. v Cannon Bldg. of Troy Assocs.*, 246 AD2d 797).

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's motion granted, summary judgment awarded to plaintiff and defenses and counterclaims in the answer dismissed.