■ UNITED COMPANIES LENDING CORPORATION, Appellant, v HAROLD P. HINGOS, JR., et al., Respondents. [724 NYS2d 134] —Crew III, J. Appeals (1) from that part of an order of the Supreme Court (Dowd, J.), entered April 7, 2000 in Chenango County, which, *inter alia*, denied plaintiff's motion for summary judgment and granted defendant Harold P. Hingos, Jr.'s cross motion for leave to amend the answer, and (2) from an order of said court, entered September 27, 2000 in Chenango County, which denied plaintiff's motion for summary judgment and granted defendants' cross motion for counsel fees.

In August 1997, defendant Harold P. Hingos, Jr. executed an adjustable rate note and mortgage in favor of plaintiff with respect to certain real property located in the Town of Guilford, Chenango County. Pursuant to the terms of the note, Hingos was required to make monthly payments on the first day of each month beginning October 1, 1997 in the initial sum of $589.02, together with monthly escrow payments for taxes and insurance. In September 1997, the note and mortgage were assigned to a third party which, in turn, reassigned the note and mortgage to plaintiff in May 1999. Although not entirely clear from the record, plaintiff asserts that it remained the sole loan servicer for the mortgage during the relevant time period.

Beginning on January 1, 1999, Hingos allegedly failed to make the required monthly payments, prompting plaintiff to notify Hingos on May 6, 1999 that he was in default. Hingos further was advised on that date that unless he tendered the sum of $4,405.37 on or before June 5, 1999, plaintiff would accelerate the note and demand the entire sum due. When such sum was not forthcoming, plaintiff commenced the instant foreclosure action against Hingos and "John Doe" and "Jane Doe," as possible tenants or occupants of the mortgaged premises. Hingos and his spouse responded to the complaint with a *pro se* "answer," wherein they asserted that the mortgage payments were current through February 1999 and that plaintiff thereafter had refused to accept the subsequent payments tendered.

In January 2000, plaintiff moved for summary judgment. Hingos opposed the motion, attaching checks made payable to plaintiff and tendered between December 2, 1998 and May 2, 1999 and contending that plaintiff had wrongfully rejected certain of the payments, and cross-moved for leave to amend the answer. Without setting forth the rationale for its decision, Supreme Court, *inter alia*, denied plaintiff's motion for summary judgment, granted the cross motion to amend the answer and directed that the caption be amended to substitute the name of Hingos' spouse, Hailey M. Hingos, as a party defendant in lieu of the fictional names of John Doe and Jane Doe.

Following service of the amended answer,* plaintiff again moved for summary judgment and defendants cross-moved for an award of counsel fees. Supreme Court denied plaintiff's motion and granted defendants' cross motion, awarding counsel fees in the amount of $450. These appeals by plaintiff ensued.

The case law makes clear that where a mortgagee produces the mortgage and unpaid note, together with evidence of the mortgagor's default, the mortgagee demonstrates its entitlement to a judgment of foreclosure as a matter of law, thereby shifting the burden to the mortgagor to assert and demonstrate, by competent and admissible evidence, any defense that could properly raise a question of fact as to his or her default (*see, Credit-Based Asset Servicing & Securitization v Castelli*, 275 AD2d 542, 543; *First Union Natl. Bank v Weston*, 261 AD2d 668, 669; *Green Point Sav. Bank v Spivey*, 253 AD2d 410). As applied to the matter before us, the record plainly demonstrates that defendants were in default for failing to make the required January 1, 1999 mortgage payment and those that followed in a timely fashion. The January 1999 installment was not tendered until February 20, 1999, the February 1999 installment (exclusive of interest and late fees) was not tendered until March 10, 1999 and the March 1999, April 1999 and May 1999 installments (again exclusive of interest and late fees) were not tendered until May 4, 1999. Thus, plaintiff established its entitlement to summary judgment, making it incumbent upon defendants to offer proof sufficient to raise a question of fact as to their asserted defense of tender and payment. In our view, Supreme Court erred in concluding that defendants had met their burden of proof in this regard.

"It is well settled that a mortgagee is not required to accept

* Although the proposed amended answer contained in the record does not name Hailey M. Hingos as a party defendant, given Supreme Court's directive in this regard, all references to "defendants" refer to Hingos and his spouse.

an insufficient tender of payment of arrears [citations omitted]" (*Bankers Trust Co. v Hoovis*, 263 AD2d 937, 938-939). Stated another way, "[a] valid tender requires an actual proffer of *all* mortgage arrears" (*First Fed. Sav. Bank v Midura*, 264 AD2d 407 [emphasis supplied]), which generally encompasses everything to which the mortgagee is entitled, including any interest or late charges (*see, National Sav. Bank v Hartmann*, 179 AD2d 76, 77, *lv denied* 79 NY2d 759). Additionally, once a default has been declared and the debt has been accelerated, the mortgagee is not required to accept anything less than full repayment of the debt (*see, First Fed. Sav. Bank v Midura*, *supra*, at 407-408) and may properly reject partial or full payment of arrears (*see, Bankers Trust Co. v Hoovis*, *supra*, at 939).

Applying these principles to the matter before us, it is readily apparent that defendants' assertion of a valid tender must fail, as the record reflects that at no time following their default in January 1999 did defendants tender the full amount of the arrears due. Having failed to timely tender funds sufficient to bring their loan obligation current and fully cure their default, defendants cannot now be heard to complain that plaintiff wrongfully rejected the sums in question (*see, id.*, at 939; *Trustco Bank, Natl. Assn. v Labriola*, 246 AD2d 735). Moreover, even accepting that plaintiff somehow was obligated to accept the funds tendered by defendants prior to plaintiff's May 6, 1999 letter formally declaring a default and advising of its intention to accelerate the loan, the record reflects that defendants never tendered the sum demanded in such letter. Thus, even if plaintiff's prior acceptance of delinquent payments somehow led defendants to believe that strict compliance with the terms of the note and mortgage was not required, their failure to tender the sum demanded in the May 6, 1999 letter after learning of plaintiff's intent to insist upon strict compliance from that point forward "neutralized" any defense of tender (*see, Hudson City Sav. Inst. v Burton*, 88 AD2d 728, 729). Accordingly, Supreme Court erred in failing to grant plaintiff's motion for summary judgment.

In light of this conclusion, we need not address the remaining arguments raised by plaintiff on appeal with the exception of Supreme Court's award of counsel fees. Neither defense counsel's application nor Supreme Court's decision identifies the basis upon which the $450 in counsel fees were sought or granted. To the extent that Supreme Court's September 2000 order may be read as suggesting that plaintiff's second motion for summary judgment was frivolous, we disagree and conclude that the award of counsel fees was improper.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order entered April 7, 2000 is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion and granted the cross motion of defendant Harold P. Hingos, Jr.; said motion granted, said cross motion denied and plaintiff awarded summary judgment; and, as so modified, affirmed. Ordered that the order entered September 27, 2000 is reversed, on the law, without costs, and defendants' cross motion denied.