■ BARBARA MARSHALL, Formerly Known as BARBARA HOULE, Appellant, v ABDALLATIEF ALALIEWIE et al., Respondents, et al., Defendant. [757 NYS2d 162] —Mercure, J.P. Appeal from an order of the Supreme Court (Lamont, J.), entered September 5, 2002 in Schoharie County, which, inter alia, denied plaintiff's motion for summary judgment.

In 1998, plaintiff and her former husband, defendant Richard E. Houle, sold property located in the Town of Carlisle, Schoharie County, to defendants Abdallatief Alaliewie and Nora Alaliewie (hereinafter collectively referred to as defendants). The property consisted of two business lots and a house with adjoining acreage. Defendants assumed a $30,000 mortgage with Key Bank and provided plaintiff and Houle with a purchase money mortgage on the two business lots for the remaining $180,000. The parties agreed that defendants were required to pay $2,280.17 monthly, a $50,000 balloon payment on May 1, 2001 and all taxes within 30 days of their respective due dates. Plaintiff has submitted tax bills indicating that defendants failed to pay the taxes in a timely manner.

At the closing, defendants received the deeds to the two business lots, but did not receive the deed to the house. Defendants allege that the parties agreed at closing that the deed to the house was to be delivered upon satisfaction of the Key Bank

mortgage. Plaintiff alleges that title to the house was to be transferred when defendants made the $50,000 balloon payment on May 1, 2001. In January 2000, defendants paid off the Key Bank mortgage, but plaintiff did not deliver the deed to the house. In May 2001, defendants failed to make the $50,000 balloon payment, allegedly because the deed to the house had not been delivered.

Plaintiff then commenced this foreclosure action against defendants and Houle. Plaintiff previously assigned her rights to any monthly mortgage payments to Houle and alleged that he obtained more than his equitable share of the mortgage. Following joinder of issue, plaintiff moved for summary judgment against defendants granting foreclosure and the appointment of a receiver. Supreme Court denied the motion in its entirety. Plaintiff appeals.

"[W]here a mortgagee produces the mortgage and unpaid note, together with evidence of the mortgagor's default, the mortgagee demonstrates its entitlement to a judgment of foreclosure as a matter of law, thereby shifting the burden to the mortgagor to assert and demonstrate, by competent and admissible evidence, any defense that could properly raise a question of fact as to his or her default" (*United Cos. Lending Corp. v Hingos*, 283 AD2d 764, 765 [2001]; *see Credit-Based Asset Servicing & Securitization v Castelli*, 275 AD2d 542, 543 [2000]). Here, although plaintiff failed to produce a promissory note or the contract of sale, she produced the mortgage and overdue tax bills, and defendants concede that they defaulted by failing to pay the $50,000 due in May 2001. Thus, plaintiff established prima facie her entitlement to summary judgment, shifting the burden to defendants to raise a question of fact regarding their defenses.

Although defendants provided a "Statement of Sale" suggesting that plaintiff was to deliver the deed to the house upon payment of the Key Bank mortgage and assert that plaintiff should be equitably estopped from foreclosing, they do not dispute that the taxes were not paid on time. Accordingly, we conclude that defendants failed to meet their burden of proof (*see United Cos. Lending Corp. v Hingos, supra* at 765). Moreover, defendants' estoppel claim is not so inextricably intertwined with the foreclosure claim that questions of fact preclude summary judgment here (*see Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 794 [2002]; *Dimacopoulos v Consort Dev. Corp.*, 166 AD2d 631, 632 [1990]). Thus, Supreme Court erred in failing to grant plaintiff's motion for summary judgment.

We have considered the parties' remaining arguments and

find them to be either meritless or, in light of our holding, academic.

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for summary judgment on her foreclosure claim; motion granted to that extent; and, as so modified, affirmed.