■ LaSALLE BANK NATIONAL ASSOCIATION, Formerly Known as LaSALLE NATIONAL BANK, as Indenture Trustee, Respondent, v DANIEL KOSAROVICH, Appellant. [820 NYS2d 144]—

Crew III, J.P. Appeal from that part of an order of the Supreme Court (Williams, J.), entered May 20, 2005 in Saratoga County, which granted plaintiff's motion for summary judgment and dismissed defendant's answer and counterclaims.

Defendant purchased his home in the Town of Stillwater, Saratoga County, in 1990 and thereafter made timely monthly payments of approximately $438 to pay down a principal debt of $62,000 with an annually adjustable interest rate of 7.625%. In 1999, defendant responded to a telephone solicitation from plaintiff's assignor (hereinafter referred to as plaintiff), as a result of which defendant received a document describing and extolling the many virtues of refinancing with plaintiff's "Savings Accumulation Mortgage," including no payments for up to three months after closing and monthly payments thereafter. Included in this document was a good faith estimate of closing costs based upon a proposed mortgage of $62,500, which reflected that the only closing costs due on a Savings Accumulation Mortgage were for those services provided by independent third parties. Hence, plaintiff would not charge defendant, among other things, an origination, processing, underwriting or documentation preparation fee. According to defendant, he was promised a fixed interest rate of 7.9% or lower.

Thereafter, in November 1999, plaintiff executed various documents effectuating a refinance with plaintiff, including a note in the amount of $78,400 that was secured by a mortgage on defendant's residence. It appears, however, that defendant obtained and, according to plaintiff, applied for a conventional mortgage, not the Savings Accumulation Mortgage contained in the initial solicitation. To that end, the note defendant executed was financed at an interest rate of 11.025% and required pay-

ments in the amount of $690.52 every 28 days until October 31, 2029. Defendant also executed an "Interest Rate Buydown Agreement and Buydown Note" that, in exchange for $7,583.84, reduced the interest rate on the original note from 11.025% to 9.025% and the required periodic payments to $583.57. The amount of the buydown note was loaned by plaintiff to defendant at no interest, with that amount to be paid back over five years in periodic payments of $120.37 due every 28 days—specifically, the same date upon which the periodic payments under the original note were due. As with the original note, the buydown note was secured by the mortgage on defendant's residence. Defendant also was assessed various closing costs.

Defendant defaulted in November 2003, prompting plaintiff to commence this foreclosure action. In his amended answer, defendant admitted his default and raised three affirmative defenses—failure to state a cause of action, unconscionability and estoppel. Defendant also asserted four counterclaims alleging violations of the federal Truth in Lending Act (15 USC §§ 1601 et seq. [hereinafter TILA]), deceptive and unfair business practices under General Business Law § 349 (a), fraud, misrepresentation and breach of the duty of good faith and fair dealing. Plaintiff thereafter moved for summary judgment and an order of reference, seeking dismissal of defendant's answer and permission to treat the answer as a limited notice of appearance entitling defendant's counsel to receive, without prior notice, a copy of the notice of sale, notice of discontinuance and notice of surplus money proceedings, which relief defendant opposed. Supreme Court granted plaintiff's motion in its entirety and this appeal by defendant ensued.[1]

"The case law makes clear that where a mortgagee produces the mortgage and unpaid note, together with evidence of the mortgagor's default, the mortgagee demonstrates its entitlement to a judgment of foreclosure as a matter of law, thereby shifting the burden to the mortgagor to assert and demonstrate, by competent and admissible evidence, any defense that could properly raise a question of fact as to his or her default" (United Cos. Lending Corp. v Hingos, 283 AD2d 764, 765 [2001] [citations omitted]; see Marshall v Alaliewie, 304 AD2d 1032, 1033 [2003]; Fleet Bank v Pine Knoll Corp., 290 AD2d 792, 794 [2002]). As plaintiff's motion here was supported by the required documentation, it was incumbent upon defendant to establish

---

1. It is not clear from the record or Supreme Court's order whether the court expressly dismissed defendant's counterclaims. Given the sweeping nature of the relief awarded, however, we are treating defendant's counterclaims as having been dismissed.

the existence of a viable defense to his admitted default. This defendant failed to do.

Defendant's first affirmative defense—failure to state a cause of action—is boilerplate in nature and plainly lacking in merit. Assuming, without deciding, that the asserted unconscionability of the note and mortgage is an affirmative defense to the underlying default (*see Pellicane v Norstar Bank*, 213 AD2d 610, 610-611 [1995]), defendant failed to demonstrate that "no reasonable and competent person would accept [their] terms, which are so inequitable as to shock the conscience" (*Rodriguez v Rodriguez*, 11 AD3d 768, 769 [2004]; *see Lounsbury v Lounsbury*, 300 AD2d 812, 814 [2002]). Simply put, the unfortunate fact that defendant may have struck a bad bargain does not excuse his default. Defendant's final affirmative defense—estoppel—also is lacking in merit.[2]

Turning to defendant's counterclaims, such claims cannot defeat plaintiff's motion for summary judgment unless they are inextricably intertwined with plaintiff's cause of action for foreclosure, which we do not find to be the case here (*see Fleet Bank v Pine Knoll Corp., supra* at 794; *Jovee Contr. Corp. v AIA Envtl. Corp.*, 283 AD2d 398, 400 [2001]). Nevertheless, to the extent that Supreme Court summarily dismissed defendant's counterclaims sounding in fraud and deceptive business practices and asserting violations of TILA and the General Business Law, we find such dismissal to be erroneous. Should defendant separately wish to pursue the affirmative relief sought therein, he should be able to do so but, again, such counterclaims simply do not constitute an affirmative defense to his default.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed defendant's counterclaims; counterclaims reinstated; and, as so modified, affirmed.

---

2. To the extent that fraud in the inducement, as set forth in defendant's counterclaims, may constitute a viable defense (*see Mahopac Natl. Bank v Baisley*, 244 AD2d 466 [1997], *lv dismissed* 91 NY2d 1003 [1998]), we need note only that inasmuch as the alleged misrepresentations are plainly inconsistent with the disclosures contained in the documents that defendant ultimately executed, defendant has failed to raise a question of fact in this regard.