OPINION OF THE COURT
James P. Dawson, J.
The court is asked to resolve the plaintiffs motion for summary judgment and other relief in this mortgage foreclosure action. The defendant Anita Hughes borrowed $112,000 from the plaintiffs predecessor, which was secured by a mortgage granted by her and the defendant James Hughes on real property in the Town of Keene, Essex County. The Hugheses defaulted under the note and mortgage and this foreclosure action resulted. The Hugheses submitted an answer with general denials and two affirmative defenses, the first based upon failure to state a claim and the second based upon an alleged failure to comply with the federal Truth in Lending Act (TILA) (15 USC § 1601 et seq.) and accompanying regulations.
The plaintiff now moves for summary judgment. The Hugheses oppose the motion, arguing that the mortgage in question is a nontraditional home loan requiring a settlement conference and that further discovery is needed regarding the alleged TILA violations. The plaintiff responds in various respects.
The plaintiffs motion is granted in part. Initially, the plaintiff seeks to replace the Doe defendants with two parties who reside at the real property in question. Given the lack of opposition, such is granted.
The next issue is whether summary judgment is appropriate.
“The case law makes clear that where a mortgagee produces the mortgage and unpaid note, together with evidence of the mortgagor’s default, the mortgagee demonstrates its entitlement to a judgment of foreclosure as a matter of law, thereby shifting the burden to the mortgagor to assert and demonstrate, by competent and admissible evidence, any defense that could properly raise a question of fact as to his or her default” (United Cos. Lending Corp. v Hingos, 283 AD2d 764, 765 [2001]).
The plaintiff produced all of the required information, shifting the burden to the Hugheses to raise a question of fact as to their default.
*325 The first affirmative defense is simply boilerplate, lacks merit and is dismissed (see LaSalle Bank N.A. v Kosarovich, 31 AD3d 904, 906 [2006]). The second affirmative defense alleges various violations of TILA. The first alleged violation is that the plaintiff failed to provide two copies of the notice of the right to rescind, but the plaintiff provided the Hugheses’ own acknowledgments that they received two copies of such and the Hugheses fail to raise a question of fact in that regard. To the extent the second affirmative defense deals with such, it is dismissed. The second alleged violation is that the plaintiff failed to make all material disclosures as required by TILA and accompanying regulations. Notably absent from the plaintiffs motion papers are copies of the required disclosures and the Hugheses state that, although they may have copies, such are currently inaccessible due to family and medical issues. The Hugheses are entitled to copies of those documents to discover whether a question of fact exists regarding the second affirmative defense (see CPLR 3212 [f]). The documents have actually been provided by the plaintiff as part of its reply papers on this motion.* The court adjourns that portion of the plaintiff’s motion until its December 5, 2008 return date and directs the Hugheses to serve opposition no later than November 28, 2008.
The remaining issue is whether a settlement conference is required. The court is obliged to hold a settlement conference “[i]n any residential foreclosure action involving a high-cost home loan consummated between January first, two thousand three and September first, two thousand eight, or a subprime or nontraditional home loan” as defined by RPAPL 1304 (CPLR 3408 [a]; see also L 2008, ch 472, § 3-a [allowing a defendant in a pending foreclosure action involving the same types of mortgages to request a conference]). The Hugheses claim that the loan in question is a nontraditional home loan, which is defined as “a payment option adjustable rate mortgage or an interest only loan consummated between January first, two thousand three and September first, two thousand eight” (RPAPL 1304 [5] [e]). As the plaintiff properly points out, the mortgage at issue is neither. The plaintiff admits that the mortgage could constitute a subprime home loan, to which the conference requirement also *326 applies. A subprime home loan (RPAPL 1304 [5] [c]) is specifically defined as being one
“secured by a mortgage or deed of trust on real estate upon which there is located or there is to be located a structure or structures intended principally for occupancy of from one to four families which is or will be occupied by the borrower as the borrower’s principal dwelling” (RPAPL 1304 [5] [b] [iv]).
The plaintiff argues that such is not the case here, as the Hugheses currently reside in New Jersey. There is also proof that two tenants currently reside at the property. Having said that, the Hugheses’ attorney states that the Hugheses are only temporarily residing in New Jersey with family. The mortgage itself states that the Hugheses “will occupy the Property and use the Property as [their] principal residence within 60 days after [they] sign this Security Instrument” and will do so for at least one year (mortgage U 6). The plaintiff does not demonstrate that the Hugheses never used the residence as their principal dwelling.
The question becomes, then, when must a residence be a borrower’s principal dwelling for purposes of RPAPL 1304? Although the language of the statute uses the present and future tense — a residence “which is or will be occupied by the borrower” — it is unclear whether such refers to the time the loan was entered into or the present day. Other language in RPAPL 1304 suggests that it refers to the time the loan was entered into. RPAPL 1304 requires that a notice be sent to homeowners who have a subprime home loan prior to commencing a foreclosure action. “Such notice shall be sent by the lender or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and if different, to the residence which is the subject of the mortgage” (RPAPL 1304 [2]). In other words, a homeowner need not presently reside at the mortgaged premises in order to hold a subprime home loan. Assuming that the language is ambiguous, the court must resort to the legislative history behind the enactment (see Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y., 86 NY2d 198, 204 [1995]). The overall legislation which created RPAPL 1304 was enacted to provide “additional protections and foreclosure prevention opportunities for homeowners at risk of losing their homes” (Sponsor’s Mem, Bill Jacket, L 2008, ch 472). The intent of RPAPL 1304 was to require lenders to give notice “to borrowers *327 who took out a subprime or nontraditional loan between January 1, 2003 and September 1, 2008” (Sponsor’s Mem, Bill Jacket, L 2008, ch 472). Neither goal is well served by limiting the application of the statute to individuals who presently reside on the mortgaged premises. Presumably, the goal of the language in RPAPL 1304 regarding occupancy is to remove owners of investment properties or second homes from the ambit of the statute, not to require a homeowner to remain at the mortgaged premises even as a foreclosure action is being prepared or pending. It is also worth noting that the statute is a remedial one and that “the requirement of express words in order to authorize a retroactive construction of a statute is not to be applied” as a result (McKinney’s Cons Laws of NY, Book 1, Statutes § 54, Comment). The court concludes that the loan in question is a subprime home loan and that a settlement conference is required due to the Hugheses’ request.
Ordered that the plaintiffs motion for summary judgment and to substitute party defendants is granted in part as set out above; and it is further ordered that the portion of the plaintiffs motion dealing with the statutory disclosure allegations of the second affirmative defense is adjourned to December 5, 2008 pending discovery. Any relief requested which is not specifically granted herein is denied, and no motion costs are awarded to any party.

 Notwithstanding the plaintiffs request that it do so, the court cannot and will not grant summary judgment based upon documents submitted for the first time in a reply (see Ritt v Lenox Hill Hosp., 182 AD2d 560, 562 [1992]). The Hugheses are entitled to an opportunity to review the requested documents and respond to them.