Aarons, J.
Appeals (1) from an order of the Supreme Court (Buchanan, J.), entered October 2, 2014 in Schenectady County, which, among other things, granted plaintiff’s motion for summary judgment, and (2) from a judgment of said court, entered April 2, 2015 in Schenectady County, which, among other things, granted plaintiff’s motion for a judgment of foreclosure and sale.
In September 2008, defendant Allegra Holdings, LLC executed a note in favor of plaintiff that was secured by a mortgage on real property located in the City of Schenectady, Schenectady County. Defendant Franca DiCrescenzo, the sole member of Allegra Holdings, personally guaranteed the note. Plaintiff subsequently commenced this foreclosure action alleg *1242 ing that Allegra Holdings and DiCrescenzo (hereinafter collectively referred to as defendants) failed to make timely payments due under the note. Following joinder of issue, plaintiff moved for summary judgment striking defendants’ answer and for the appointment of a referee to compute the amount due. Defendants opposed the motion and cross-moved for summary judgment. In October 2014, Supreme Court, among other things, granted plaintiff’s motion. A judgment of foreclosure and sale in plaintiff’s favor was subsequently entered in April 2015. These appeals by defendants ensued. We affirm.
As an initial matter, contrary to plaintiff’s contention, the judicial sale of the subject property does not render defendants’ appeal moot inasmuch as this Court’s determination may impact defendants’ right to restitution under CPLR 5523 (see Hudson City Sav. Inst. v Burton, 88 AD2d 728, 728 [1982]).
Turning to the merits, in an action to foreclose on a mortgage, a plaintiff satisfies its summary judgment burden by submitting a copy of the mortgage, the unpaid note and evidence of the defendant’s default in payments due (see Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 987 [2016]; Green Planet Servicing, LLC v Martin, 141 AD3d 892, 893 [2016]; LaSalle Bank N.A. v Kosarovich, 31 AD3d 904, 905 [2006]). We conclude that plaintiff supported its motion with the requisite proof to establish its entitlement to summary judgment and, therefore, the burden shifted to defendants to raise a question of fact as to a bona fide defense to foreclosure (see Nationstar Mtge., LLC v Alling, 141 AD3d 916, 918 [2016]; HSBC Bank USA v Merrill, 37 AD3d 899, 900 [2007], lv dismissed 8 NY3d 967 [2007]).
Defendants’ opposition rested on the premise that they made a valid tender of payment. In support of this proposition, DiCrescenzo averred in an affidavit that rental payments from the subject property were diverted through a receiver to plaintiff in order to cover the mortgage payments. Defendants, however, did not offer any evidence to substantiate either DiCrescenzo’s self-serving statements that payments were made to plaintiff or the amount of such purported payments (see Charter One Bank, FSB v Leone, 45 AD3d 958, 959 [2007]). Likewise, the unsupported assertion by DiCrescenzo that she put the monthly mortgage payments that plaintiff rejected into escrow does not suffice to show a valid tender of payment. Here, once the debt was accelerated upon defendants’ default, “plaintiff had no obligation to accept anything less than payment of the full amount owed under the mortgage” (Credit-Based Asset Servicing & Securitization v Castelli, 275 AD2d 542, 544 [2000]; see Bankers Trust Co. v Hoovis, 263 AD2d 937, *1243 938-939 [1999]). Because defendants failed to demonstrate that they tendered payment of the full amount due, we conclude that Supreme Court properly granted plaintiff’s motion for summary judgment and a judgment of foreclosure and sale in plaintiff’s favor (see United Cos. Lending Corp. v Hingos, 283 AD2d 764, 765-766 [2001]; Hudson City Sav. Inst. v Burton, 88 AD2d at 728-729).
Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.
Ordered that the order and judgment are affirmed, with costs.