Nationstar Mortg., LLC v. Hunte

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Nationstar Mortgage, LLC,

> *Plaintiff-Appellee,*

> v.                                                    22-1447

Esther Hunte,

> *Defendant-Appellant.*

_____

FOR PLAINTIFF-APPELLEE:                    Stephen J. Vargas, Gross Polowy,
                                           LLC, Westbury, NY.

FOR DEFENDANT-APPELLANT:                    Esther Hunte, pro se, Newburgh,
                                           NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Esther Hunte ("Hunte"), proceeding pro se, appeals from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *District Judge*), entered on June 6, 2022. Plaintiff-Appellee Nationstar Mortgage ("Nationstar") brought a foreclosure action against Hunte in the district court. The district court partially granted summary judgment to Nationstar, reasoning that Nationstar had established ownership of the mortgage note and that Hunte had defaulted on payments. The district court denied summary judgment with respect to damages because there was a dispute of fact over whether Hunte had entered into a loan modification

2

agreement and ordered the parties to file additional submissions on this issue. After an evidentiary hearing, the district court concluded that the modification agreement was void. Nationstar moved for damages on the original note and the district court granted the motion and entered a judgment of foreclosure. Hunte appealed. On appeal, Hunte moved to stay auction of the property, but we denied the stay as moot because the property had already been sold at auction. We assume the parties' familiarity with the case.

## I. Mootness

Nationstar argues that the appeal is now moot and should be dismissed. We lack jurisdiction to review an appeal that is moot. *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 692 (2d Cir. 2013). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015).[1] An appeal should be dismissed as moot "when, by virtue of an intervening event, a court of appeals

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

3

cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

Here, the issue is whether we can grant any effectual relief to Hunte. *Id.* In New York, some appellate decisions have held that an appeal in a foreclosure action can become moot upon the sale of the subject property when the parties did not obtain a stay of the sale pending appeal. *See, e.g.*, *Wells Fargo Bank, N.A. v. Stranahan*, 174 N.Y.S.3d 178, 180 (3d Dep't 2022); *405 44th St. Realty Co. v. 168 Fortune Realty, Inc.*, 788 N.Y.S.2d 404, 405 (2d Dep't 2005). However, other decisions have clarified that "the judicial sale of the subject property does not render defendants' appeal moot" when the appellate court's "determination may impact defendants' right to restitution." *SEFCU v. Allegra Holdings, LLC*, 48 N.Y.S.3d 811, 812 (3d Dep't 2017); *see also Hudson City Sav. Inst. v. Burton*, 451 N.Y.S.2d 855, 856 (3d Dep't 1982) (similar). Further, when the judgment awards more than the sale of the subject property and includes attorneys' fees or other damages, the appeal is not rendered moot by the sale of the property. *See 425 E. 26th St. Owners Corp. v. Beaton*, 10 N.Y.S.3d 127, 130 (2d Dep't 2015).

The property at issue in this case was sold in November 2022. Moreover, the judgment at issue awarded a monetary amount of $602,964.05 and unspecified attorneys' fees to Nationstar. If successful on appeal, Hunte could be entitled to effectual relief pursuant to N.Y. C.P.L.R. § 5523. Accordingly, we conclude that the appeal is not moot and reach the merits.

## II. Merits

We review a grant of summary judgment de novo, *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013), "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party," *id.* at 127. "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default. *Citibank, N.A. v. Potente*, 179 N.Y.S.3d 91, 93 (2d Dep't 2022). Further, where the defendant raises

5

standing as a defense, the plaintiff bears "the additional burden of demonstrating that, at the time the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note." *Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S.3d 591, 592–93 (3d Dep't 2016).

Here, Nationstar offered evidence that Hunte took out a mortgage in 2005, that the mortgage and promissory note were eventually assigned to Nationstar, and that Hunte defaulted on payments as of March 1, 2016. Although Hunte contends that she was not in default, Nationstar's business records make clear that Hunte failed to make any payments after March 1, 2016, and Hunte has failed to raise any evidence that she made payments after that date.

Hunte further contends that Nationstar lacked standing to bring the foreclosure action because it never produced evidence that it physically possessed the original note. An affidavit from a representative of the lender or servicer based on the representative's review of the plaintiff's business records is sufficient to establish possession of the note. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) ("New York courts have repeatedly held that proof of physical possession—such as the affidavits of OneWest's corporate

6

representative and counsel in this case—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note."). Nationstar provided an affidavit that stated that it possessed the promissory note before it filed the foreclosure action in November 2016.

Hunte critiques the affidavit, arguing that it lacked sufficient detail to establish that Nationstar actually possessed the promissory note.   It is true that an affidavit   may fail to establish standing if it does not offer any factual detail concerning the physical delivery of the note.   *See Homecomings Fin., LLC v. Guldi*, 969 N.Y.S.2d 470, 474 (2d Dep't 2013).   However, an affidavit that provides the date on which physical delivery of the note occurred is sufficient.   *See Aurora Loan Servs., LLC v. Taylor*, 980 N.Y.S.2d 475, 477 (2d Dep't 2014), *aff'd*, 25 N.Y.3d 355 (2015).   Here, the affidavit not only describes the chain of assignments that led to Nationstar's possession, but it also provides the exact delivery date of the note in 2013, three years prior to the foreclosure in November 2016.   As there is no "'checklist' of required proof to establish standing" in a New York foreclosure case, the affidavit satisfied Nationstar's burden to demonstrate standing. *JPMorgan Chase Bank, Nat'l Ass'n v. Caliguri*, 36 N.Y.3d 953, 954 (2020).

Hunte further contends that Nationstar failed to comply with New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 because Nationstar did not offer evidence showing that a § 1304 notice was properly mailed. Section 1304(2) requires that notices be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage."

There is no genuine dispute that Nationstar complied with the statute. Nationstar provided a detailed affidavit in which a document-execution specialist stated that (1) she reviewed Nationstar's contemporaneously made records and acquired knowledge of the loan and mailings, (2) Nationstar mailed § 1304 notices via first class and certified mail to the property address and Hunte's mailing address, and (3) Nationstar notified the superintendent of financial services within three days of mailing the notice as required by RPAPL § 1306(2). The affidavit also attached copies of the § 1304 notices, two of which contained a certified mail number, which were addressed to Hunte's mailing address and the subject property. These details are sufficient to establish mailing. *See HSBC Bank USA, N.A. v. Ozcan*, 64 N.Y.S.3d 38, 43–44 (2d Dep't

2017) (concluding that an affidavit providing similar details was sufficient evidence of mailing). Contrary to Hunte's contention, the text of the notices fully complied with the version of § 1304 in effect at the time the notices were sent.

We have considered Hunte's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court