Gerber v Cella (2024 NY Slip Op 00952)

Gerber v Cella

2024 NY Slip Op 00952

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

535928
[*1]Leonard Gerber et al., as Trustees, Respondents,
v
Jo Ann Cella, Appellant, et al., Defendants.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

Legal Services of the Hudson Valley, Poughkeepsie (Jared L. Gilman of counsel), for appellant.
MacVean, Lewis, Sherwin & McDermott, PC, Middletown (Kevin F. Preston of counsel), for respondents.

Aarons, J.P.
Appeal from an order of the Supreme Court (David M. Gandin, J.), entered July 5, 2022 in Ulster County, which, among other things, granted plaintiffs' motion for summary judgment.
Defendant Jo Ann Cella (hereinafter defendant) executed a note secured by a mortgage on real property located in Ulster County. After defendant defaulted on her financial obligations, plaintiffs commenced this action to foreclose on the mortgage. Following joinder of issue, plaintiffs moved for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint, arguing that the complaint was barred by the statute of limitations. Supreme Court granted plaintiffs' motion and denied defendant's cross-motion. Defendant appeals.[FN1]
Plaintiffs carried their moving burden by submitting a copy of the mortgage, the unpaid note and evidence of defendant's default in making the requisite payments due under the note (see Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1422-1423 [3d Dept 2021]; SEFCU v Allegra Holdings, LLC, 148 AD3d 1241, 1242 [3d Dept 2017]). In view of this, the burden shifted to defendant "to raise a question of fact as to a bona fide defense to foreclosure" (Nationstar Mtge. LLC v Dessingue, 155 AD3d 1152, 1153 [3d Dept 2017] [internal quotation marks and citations omitted]; see Chase Home Fin., LLC v Howland, 149 AD3d 1405, 1406 [3d Dept 2017]).
In the opposition to plaintiffs' motion, counsel for defendant affirmed that the opposition "does not address all the claims raised in defendant's [a]mended [a]nswer." Rather, counsel limited the argument therein to the statute of limitations defense raised in support of the cross-motion. Accordingly, defendant failed to preserve any argument in attempting to raise an issue of fact. In any event, even if defendant's arguments were properly preserved, we would find that defendant failed to raise an issue of fact as to her affirmative defense of unconscionability (see PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1112 [3d Dept 2013], lv dismissed 23 NY3d 940 [2014]; LaSalle Bank N.A. v Kosarovich, 31 AD3d 904, 906 [3d Dept 2006]; see generally Gillman v Chase Manhattan Bank, 73 NY2d 1, 12 [1988]) and, assuming they are applicable to this case, laches (see First Fed. Sav. & Loan Assn. of Rochester v Capalongo, 152 AD2d 833, 834 [3d Dept 1989], lv dismissed 74 NY2d 945 [1989]) and unclean hands (see PHH Mtge. Corp. v Davis, 111 AD3d at 1112). Defendant's remaining contentions, to the extent properly before us, have been reviewed and are unavailing.
Pritzker, Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: In her brief, defendant limits the appeal to the granting of plaintiffs' motion and abandons any arguments related to the denial of the cross-motion.