JAMAICA SAVINGS BANK, Appellant, v. RACHEL SUTTON et al., Respondents, et al., Defendants.— In an action to foreclose a mortgage on

real property, plaintiff appeals from an order of the Supreme Court, Kings County, dated February 6, 1973, which granted respondents' motion to vacate their default in answering the complaint and granted them leave to serve an answer. Order reversed, on the law, with $20 costs and disbursements, and motion denied. In our opinion, it was an improvident exercise of discretion to grant respondents' motion since the record in this case discloses that no tender by them of the amount due and payable on the mortgage was ever made. Rather, they made only an offer of payment, short of a valid tender, and this was insufficient to discharge their obligation (15 Williston, Contracts [3d ed.], § 1808 et seq.). A valid tender requires not only readiness and ability to perform, but actual production of the thing to be delivered, in this case, the mortgage payment arrearages (Eddy v. Davis, 116 N. Y. 247; New York Utility Co. v. Williamsburg Steam Laundry Co., 187 App. Div. 110). In addition, respondents have failed to set forth a reasonable excuse for their default in serving an answer to the complaint (Treo Enterprises v. O'Neill, 36 A D 2d 541; Bridger v. Donaldson, 34 A D 2d 628; Wall v. Bennett, 33 A D 2d 827). The record reveals a protracted history of delay by respondents in making their mortgage payments. Under these circumstances, the motion must be denied. Munder, Acting P. J., Shapiro, Gulotta and Benjamin, JJ., concur.