■ New York Guardian Mortgagee Corporation, Respondent, v Michael Olexa et al., Defendants, and Laurel Olexa, Appellant.—Mikoll, J. Appeal from an order of the

---

Supreme Court (Bradley, J.), entered December 14, 1990 in Ulster County, which, *inter alia,* granted plaintiff's motion for summary judgment against defendant Laurel Olexa.

The question presented on this appeal is whether defendant Laurel Olexa (hereinafter Olexa) has asserted valid defenses and raised factual issues requiring resolution by a jury in this action to foreclose a mortgage on Olexa's real property. In our view the question should be answered in the affirmative. Supreme Court's order should, therefore, be modified by reversing so much thereof as granted plaintiff's motion for summary judgment against Olexa.

Olexa and her husband, defendant Michael Olexa, gave a mortgage in the sum of $48,550 on their real property in the Town of Olive, Ulster County. The monthly payments were approximately $500. The mortgage was subsequently assigned to plaintiff. Olexa's husband left the family in 1985 and Olexa fell behind in the payments. Plaintiff agreed to give Olexa time to make up missed payments and plaintiff made several payments. However, by the summer of 1987, Olexa was two months in arrears and plaintiff notified her that she was in default and that it would commence foreclosure proceedings if she did not pay all arrears by certified check within 30 days. After Olexa requested that plaintiff reconsider, plaintiff sent Olexa a letter, dated October 14, 1987, agreeing to permit her to repay the arrears according to a "stipulation plan". Olexa was to make a down payment of $1,866.49 by October 30, 1987 followed by six monthly installments of $1,038.07. Four checks totaling $2,149 were returned to Olexa in the letter dated October 30, 1987 explaining that "they must be certified for such a large payment".

Affidavits submitted by Olexa state that she made payments in attempted compliance with the "stipulation plan". By letter dated November 21, 1987, plaintiff returned these payments for lack of certification but then gave Olexa more time to resubmit the checks returned once they were certified. By letter dated December 10, 1987, plaintiff returned a payment check in the amount of $1,866.49, declaring that Olexa had "broken the terms of our payment agreement" and advising that "[its] attorney ha[d] been instructed to proceed with foreclosure". This foreclosure action was commenced by substituted service on Olexa's son at her residence on December 30, 1987.

In August 1988, Olexa's attorney learned that a default judgment had been entered in the foreclosure action. Olexa

moved by order to show cause to, *inter alia,* vacate the default judgment. Supreme Court granted the motion and allowed her to respond to the complaint. After issue was joined plaintiff moved for summary judgment against Olexa. Olexa cross-moved to dismiss the complaint. The court, among other things, granted plaintiff's motion and denied Olexa's cross motion. This appeal by Olexa ensued.

The law is clear that when a mortgagor defaults on loan payments, even if only for a day, a mortgagee may accelerate the loan, require that the balance be tendered or commence foreclosure proceedings, and equity will not intervene *(see, Graf v Hope Bldg. Corp.,* 254 NY 1; *Hudson City Sav. Inst. v Burton,* 88 AD2d 728). Nevertheless, a motion for summary judgment should be denied where the mortgagor asserts a valid defense, including tender of the entire amount then due, bad faith on the part of the mortgagee or an unconscionable act *(supra; City Sts. Realty Corp. v Jan Jay Constr. Enters. Corp.,* 88 AD2d 558, 559; *Dime Sav. Bank v Norris,* 78 AD2d 691, 692).

In its letter of December 10, 1987, plaintiff admits to the existence of a payment agreement between it and Olexa. It appears that there is a dispute concerning the terms of that agreement relating to which payments must be made by certified check. The letter of October 30, 1987 requiring certification referred to the total amount of the returned checks, $2,149. The statement referred to a single "large payment", implying that a payment of some lesser amount without certification would be acceptable. Moreover, the "stipulation plan" was originally made over the telephone and a few days later memorialized in the letter of October 14, 1987. Thus, a question of fact exists as to whether Olexa was informed of the certification requirement over the telephone and whether she met the terms of the new payment agreement respecting payments by certified check.

Plaintiff claims that Olexa breached the new agreement by failing to timely pay the first installment. However, under the terms of the mortgage, Olexa was entitled to a 15-day grace period on monthly payments, and a question of fact is raised whether that 15-day grace period is applicable to the payment agreement. Plaintiff received the certified first installment check 11 days after Olexa received the November 21, 1987 letter notifying her that certification was required. Furthermore, where, as here, the actions of the party in default were not gross or willful and will result in a forfeiture, it is a

proper case for the intervention of equity *(see, J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 397-399).

Finally, the papers submitted on behalf of Olexa also raised the defense of whether plaintiff acted in bad faith or committed unconscionable acts in this matter. Early on plaintiff told Olexa that her file could not be located or that someone would get back to her but no one did. Plaintiff consistently failed or refused to answer telephone calls by Olexa and attempts by her attorney to resolve the matter after litigation was commenced were unsuccessful. Olexa should be allowed the opportunity to establish these defenses at a full trial.

Mahoney, P. J., Casey, Levine and Crew III, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Laurel Olexa, by reversing so much thereof as granted plaintiff's motion for summary judgment against said defendant; motion denied; and, as so modified, affirmed.