■ BANK OF NEW YORK, as Successors in Interest to Scarsdale National Bank and Trust Co., Appellant, v MIDLAND AVENUE DEVELOPMENT et al., Respondents. [597 NYS2d 458] —In a foreclosure action, the plaintiff appeals from an order of the Supreme Court, Westchester County (Burrows, J.), entered February 27, 1991, which, *inter alia,* denied its motion for summary judgment.

Ordered that the order is modified, on the law, by granting the motion to the extent of dismissing the affirmative defense

of tender asserted in the answer of the defendant Estate of William F. Cassin and otherwise denying the motion; as so modified, the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff contends that there are no triable issues of fact and, therefore, it is entitled to summary judgment. We find, however, that the defendants have supplied sufficient evidence in opposition to summary judgment to create triable issues of fact as to whether the original mortgage was modified, whether the plaintiff waived the "due on sale" clause of the mortgage or its right to foreclose, or whether the partnership Midland Avenue Development and its partners were knowingly released from liability under the mortgage (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183-184; Partnership Law § 67 [3]). Moreover, it is apparent from the "affidavits submitted in opposition to the motion that facts essential to justify opposition may exist" but that disclosure is needed (CPLR 3212 [f]). However, there is no factual issue requiring a trial as to whether the defendant Estate of William F. Cassin validly tendered the arrears of the mortgage. Valid tender requires the actual production of the mortgage arrears (see, Jamaica Sav. Bank v Sutton, 42 AD2d 856, 857). The affidavits in opposition only show an offer to make a tender of arrears of interest. Thompson, J. P., Bracken, Miller and Pizzuto, JJ., concur.