■ Dion Friedland et al., Respondents, v Cap Juluca Partners I, Appellant, et al., Defendant. [635 NYS2d 467] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 16, 1993, which denied defendant-appellant's motion for modification, by providing for a right of redemption, of the order of the same court and Justice entered July 7, 1993, unanimously affirmed, with costs.

In the order of July 7, 1993, the validity of the parties' pledge agreement was upheld and defendant-appellant was directed to take all actions necessary to transfer ownership interest in the pledged shares to plaintiffs. The IAS Court properly refused to modify that order to direct delivery of the stock to defendant-appellant upon payment of the amounts owed (*see*, UCC 9-505 [2]; 9-506), since there was no evidence of a valid tender of payment of the indebtedness (*see*, *Jamaica Sav. Bank v Sutton*, 42 AD2d 856, 857), and, in fact, evidence was presented which demonstrated that defendant-appellant was incapable of doing so. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.

■ In the Matter of Seymour S. Detsky, a Disbarred Attorney. [636 NYS2d 610] —Motion *pro se* for reinstatement to practice as an attorney and counselor-at-law denied. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Williams, JJ.