■ MICHAEL DOLPHIN, Appellant-Respondent, v JANOS MAROCIK et al., Defendants, FERENC MAROCIK, Appellant, and DONALD JAFFE, INC., Respondent. (Action No. 1.) DONALD JAFFE, INC., Respondent, v JANOS MAROCIK et al., Defendants, FERENC MAROCIK, Respondent-Appellant, and MICHAEL DOLPHIN, Appellant-Respondent (Action No. 2.) [635 NYS2d 84] —In two actions to foreclose separate mortgages on the same property, Michael Dolphin, the plaintiff in Action No. 1 and a defendant in Action No. 2, appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Turret, J.), dated April 18, 1994, which, after a joint nonjury trial, *inter alia*, (1) determined that the mortgage held by Donald Jaffe, Inc., a defendant in Action No. 1 and the plaintiff in Action No. 2, was entitled to priority over his mortgage, and (2) dismissed his complaint in Action No. 1; and Ferenc Marocik, a defendant in

Action No. 1 and Action No. 2, cross-appeals from the same order and judgment.

Ordered that the cross-appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that Donald Jaffe, Inc., is awarded one bill of costs.

Michael Dolphin and Donald Jaffe, Inc. (hereinafter Jaffe), commenced separate actions to foreclose separate mortgages held by them on the same property. This appeal by Dolphin is from an order and judgment (one paper) which held that Jaffe's prior unrecorded mortgage took priority over Dolphin's subsequent, but first to be recorded, mortgage because Dolphin had actual or constructive notice of the existence of Jaffe's mortgage at the time Dolphin took his mortgage. The court also found that Dolphin's mortgage was invalid due to lack of consideration or due to inadequate consideration.

While we disagree with the trial court's conclusion that Dolphin had actual or constructive notice of the prior, unrecorded mortgage held by Jaffe at the time Dolphin took his mortgage, we find that Dolphin failed to establish that he paid valuable consideration for his mortgage (*see, Hood v Webster*, 271 NY 57; *Barrett v Littles*, 201 AD2d 444; *Berger v Polizzotto*, 148 AD2d 651). While Dolphin testified as to several payments he claimed to have made, as well as to mortgages, liens, and judgments he claimed to have assumed in exchange for the mortgage in question, he failed to submit sufficient documentation of these claims. On the other hand, Jaffe submitted proof of his $150,000 loan, the proceeds of which were used to satisfy liens and other mortgages encumbering the subject property. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.