■ FARMINGDALE REALTY TRUST, Appellant-Respondent, v REAL PROPERTIES MLP LIMITED PARTNERSHIP et al., Respondents-Appellants. [640 NYS2d 566]

The plaintiff's motion, characterized as one to vacate the judgment based on newly discovered evidence, was not based upon new facts which were unavailable at the time of the original motion and was therefore actually a motion to reargue, the denial of which is not appealable (see, e.g., Mgrditchian v Donato, 141 AD2d 513; Matter of Bosco, 141 AD2d 639; Matter of Kadish v Columbo, 121 AD2d 722).

The Supreme Court correctly concluded that the plaintiff never tendered the amount due for principal and interest on the mortgages (see, Bank of N. Y. v Midland Ave. Dev., 193 AD2d 641, 642; Jamaica Sav. Bank v Sutton, 42 AD2d 856; 1 Bergman, New York Mortgage Foreclosures § 4.08). The plaintiff's contention that tender was excused because the mortgagee was unable to perform is not supported by the record. While approval of the California court was required to release the mortgage liens because the partnership to which the mortgages had been assigned was an asset of an insurance company in liquidation, the defendants had advised the plaintiff that they were taking the necessary steps to obtain such approval and also provided escrow instructions, which the plaintiff declined to follow. Accordingly, since there was never a payment or a tender of the full amount due, which included the interest that continued to accrue, the defendants did not improperly refuse to execute satisfaction pieces (see, RPAPL

1921; *Household Fin. Realty Corp. v Delmerico,* 202 AD2d 636, 637; *Barclay's Bank v Market St. Mtge. Corp.,* 187 AD2d 141, 144-145).

The plaintiff's remaining contentions are without merit.

Further, contrary to the defendants' claim, the court properly denied their application for attorneys' fees and costs, since the language in the mortgage and the note relied upon by the defendants did not entitle them to recover attorneys' fees and costs under these circumstances *(cf., Emery v Fishmarket Inn,* 173 AD2d 765).

We note that since the complaint, *inter alia,* sought a declaration that the plaintiff's payment into court of $372,671.48 satisfied the mortgages at issue, the Supreme Court should have directed the entry of a declaration in favor of the defendants rather than dismissal of that cause of action *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.