■ HOME SAVINGS OF AMERICA, FSB, Respondent, v JOYCE ISAACSON et al., Appellants, et al., Defendants. [659 NYS2d 94]
—In an action to foreclose a mortgage, the defendants Joyce Isaacson and David Isaacson appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated April 3, 1996, which granted the plaintiff's motion to renew their prior motion for summary judgment and, upon renewal, granted the motion.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contentions, in response to the plaintiff's prima facie showing of entitlement to summary judgment, the appellants failed to demonstrate the existence of any genuine issues of fact in support of their claimed affirmative defense of tender and payment. " 'As a general rule, a tender must include everything to which the creditor is entitled, including interest to the time the tender is made, or else it is not legally effective' " *(National Sav. Bank v Hartmann,* 179 AD2d 76, 77, quoting 83 NY Jur 2d, Payment and Tender, § 151, at 38). A valid tender requires an actual proffer of all mortgage arrears *(see, Bank of N. Y. v Midland Ave. Dev.,* 193 AD2d 641). The tender of arrears will cure a default only prior to notice of acceleration *(Dime Sav. Bank v Dooley,* 84 AD2d 804; *see also, Dime Sav. Bank v Glavey,* 214 AD2d 419, *cert denied* 517 US 1221).

"The law is clear that when a mortgagor defaults on loan payments, even if only for a day, a mortgagee may accelerate the loan, require that the balance be tendered or commence foreclosure proceedings, and equity will not intervene" *(New York Guardian Mortgagee Corp. v Olexa,* 176 AD2d 399, 401). Once a default has been declared and a loan's maturity has been accelerated, a mortgagee is not required to accept a tender of less than full repayment as demanded *(see, Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472; *Albany Sav.*

*Bank v Seventy-Nine Columbia St.,* 197 AD2d 816). Once a loan has been accelerated, a mortgagor has no right to compel redemption of the loan by tendering only the arrears due *(National Bank v Cohen,* 89 AD2d 725).

Application of the foregoing rules to the facts of the instant case leaves no doubt that the appellants did not tender sufficient sums within the relevant time parameters so as to stave off foreclosure. Prior to the effective date of the notice of default and acceleration, they did not tender all arrears plus interest and late charges, and after acceleration they did not tender the entire balance due. Thus, clearly they have no defense of tender as would warrant denial of the plaintiff's summary judgment motion *(see, Farmingdale Realty Trust v Real Props. MLP Ltd. Partnership,* 225 AD2d 656; *Bank of N. Y. v Midland Ave. Dev., supra).*

The appellants' remaining contentions are without merit. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.