■ FIRST FEDERAL SAVINGS BANK, Respondent, v ROBERT MIDURA et al., Appellants, et al., Defendants. [694 NYS2d 121] —In an action to foreclose a mortgage, the defendants Robert Midura and Margaret Anne Midura appeal from so much of an order of the Supreme Court, Suffolk County (Berler, J.), entered April 2, 1998, as granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contentions, in response to the plaintiff's prima facie showing of entitlement to summary judgment, they failed to demonstrate the existence of any genuine issues of fact in support of their claimed affirmative defenses of tender of payment and improper acceleration.

A valid tender requires an actual proffer of all mortgage arrears (*see, Home Sav. v Isaacson,* 240 AD2d 633; *Bank of N. Y. v Midland Ave. Dev.,* 193 AD2d 641), but such a tender will cure a default only prior to notice of acceleration (*see, Dime Sav. Bank v Glavey,* 214 AD2d 419, cert denied 517 US 1221; *Dime Sav. Bank v Dooley,* 84 AD2d 804). "The law is clear that when a mortgagor defaults on loan payments, even if only for a day, a mortgagee may accelerate the loan, require that the balance be tendered or commence foreclosure proceedings, and equity will not intervene" (*New York Guardian Mortgagee Corp. v Olexa,* 176 AD2d 399, 401). Once a default has been

declared and a loan has been accelerated, a mortgagee is not required to accept a tender of less than full repayment as demanded (*see, Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472; *Albany Sav. Bank v Seventy-Nine Columbia St.,* 197 AD2d 816).

Here, the plaintiff's default letter provided that in the event that all arrears were not paid by a specified date, the loan would be accelerated and foreclosure proceedings would be commenced. The appellants' tender was untimely and insufficient to cover the arrears. Accordingly, the plaintiff properly refused said tender and accelerated the loan. The appellants have no defense of tender of payment or improper acceleration warranting the denial of the plaintiff's summary judgment motion (*see, Farmingdale Realty Trust v Real Props. MLP Ltd. Partnership,* 225 AD2d 656; *Bank of N. Y. v Midland Ave. Dev., supra*).

While the appellants established that the plaintiff committed bookkeeping errors in the handling of their account, those errors did not preclude summary judgment by raising issues of fact as to whether they were in default.

The appellants' remaining contentions are without merit. Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.