■ EMC Mortgage Corporation, Respondent, v Stanley Stewart, Appellant, et al., Defendants. [769 NYS2d 408]—

In an action to foreclose a mortgage, the defendant Stanley Stewart appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated May 29, 2002, as granted those branches of the plaintiff's motion which were for summary judgment dismissing his answer, affirmative defenses, and counterclaim, and for the appointment of a referee to compute the amount due, and (2) from an order of the same court dated March 21, 2003, which granted the plaintiff's motion to extend the notice of pendency, and denied the appellant's cross motion, denominated as one for leave to renew or reargue, which was, in effect, for leave to reargue the plaintiff's motion, inter alia, for summary judgment and the appointment of a referee.

Ordered that the appeal from so much of the order dated March 21, 2003, as denied that branch of the appellant's cross motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 21, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated May 29, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appellant's cross motion, denominated as one for leave to renew or reargue the plaintiff's prior motion, was not based on new facts which were unavailable at the time of the original motion, and therefore the motion was, in effect, one for reargument, the denial of which is not appealable (*see Reyes v Ross,* 289 AD2d 554, 555 [2001]; *Duffy v Wetzler,* 260 AD2d 596, 597 [1999]).

Contrary to the appellant's contentions, in response to the plaintiff's prima facie showing of entitlement to summary judgment, he failed to demonstrate the existence of a triable issue of fact. The appellant's pleadings not only raised no valid defenses, but acknowledged the default and debt owed. It is well settled that once a mortgagor defaults on loan payments, a mortgagee is not required to accept less than the full repayment as demanded (*see First Fed. Sav. Bank v Midura,* 264 AD2d 407 [1999]; *Home Sav. of Am., FSB v Isaacson,* 240 AD2d 633 [1997]). Accordingly, the plaintiff's refusal to accept a reduced settlement in satisfaction of the amount owed presents no valid defense in this foreclosure action.

The plaintiff's motion to extend the notice of pendency was properly granted, as good cause was shown (*see* CPLR 6513).

The appellant's remaining contentions are without merit. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.