■ COUNTRYWIDE FUNDING CORPORATION, Respondent, v ANTHONY W. REYNOLDS et al., Appellants, et al., Defendants. [839 NYS2d 108]—

In an action to foreclose a mortgage, the defendants Anthony W. Reynolds, Barbara E. Reynolds, also known as Barbara Newman, and Gilbert Reynolds appeal (1) from a decision of the Supreme Court, Queens County (Hart, J.), dated June 9, 2005, and (2), as limited by their brief, from so much of an order of the same court dated July 22, 2005, as, in effect, granted the plaintiff's oral application for leave to amend the complaint, granted the plaintiff's motion for summary judgment against them, denied their cross motion to dismiss the complaint, or in the alternative, to preclude any testimony by the plaintiff, preclude documents not provided by the plaintiff, and strike the plaintiff's note of issue and, sua sponte, directed those defendants to post a bond in the sum of $180,000 before appealing.

Ordered that the appeal from the decision dated June 9, 2005 is dismissed, as no appeal lies from a decision (*see Washington Mut. Home Loans, Inc. v Jones*, 27 AD3d 728, 729 [2006]; *Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from so much of the order as, sua sponte, directed the appellants to post a bond in the sum of $180,000 before appealing is dismissed, as that portion of the order does not decide a motion made on notice (*see* CPLR 5701 [a] [2]; *O'Ferral v City of New York*, 8 AD3d 457, 458 [2004]), and, in any event, has been rendered academic in light of our rendering a determination of the appeal; and it is further,

Ordered that on the Court's own motion, the appellants' notice of appeal from so much of the order as granted the plaintiff's oral application for leave to amend the complaint is treated as an application for leave to appeal from that part of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's oral application for leave to amend its complaint and substituting therefor a provision denying the oral application; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court improperly granted the plaintiff's oral application for leave to amend its complaint. Although leave to amend pleadings "shall be freely given" (CPLR 3025 [b]), where an application for leave to amend is sought after a long delay and the case has been certified as ready for trial, "judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (*Clarkin v Staten Is. Univ. Hosp.*, 242 AD2d 552 [1997]; *see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005]; *Torres v Educational Alliance*, 300 AD2d 469 [2002]; *Cseh v New York City Tr. Auth.*, 240 AD2d 270, 271 [1997]). Here, the plaintiff's oral application for leave to amend its complaint not only caused surprise and prejudice to the appellants (*see Fahey v County of Ontario*, 44 NY2d 934, 935 [1978]; *Voyticky v Duffy*, 19 AD3d 685 [2005]; *ALD Holding Corp. v F & O Port Corp.*, 15 AD3d 508 [2005]), but they were not allowed to submit an amended answer to the pleading being amended (*see* CPLR 3025 [d]; *Aeromar C. Por A. v Port Auth. of N.Y. & N.J.*, 145 AD2d 584, 586 [1988]).

At the same time, however, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on its original mortgage foreclosure complaint by presenting evidence that the appellants had defaulted in their monthly mortgage payments at the time that the plaintiff sent its notice to cure and did not pay their arrears within a reasonable time thereafter (*see EMC Mtge. Corp. v Stewart*, 2 AD3d 772, 773 [2003];

*United Cos. Lending Corp. v Candela*, 292 AD2d 800, 801 [2002]; *First Fed. Sav. Bank v Midura*, 264 AD2d 407 [1999]; *Home Sav. of Am. v Isaacson*, 240 AD2d 633 [1997]). In opposition, the appellants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 327 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In light of our rendering a determination of the appeal, the appellants' remaining contentions have been rendered academic. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.