■ STEVEN ROSE, Appellant, v JULIE LEVINE et al., Respondents, et al., Defendants. [861 NYS2d 374]—

In an action to foreclose three mortgages, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 8, 2007, as denied his motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In order to establish its prima facie entitlement to summary judgment in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of default" (*U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez,* 49 AD3d 711, 711 [2008]; *see also Hoffman v Kraus,* 260 AD2d 435, 436 [1999]; *Mahopac Natl. Bank v Baisley,* 244 AD2d 466, 467 [1997]). The burden then shifts to the defendant to demonstrate "the existence of a triable issue of fact as to a bona fide defense to the action" (*Mahopac Natl. Bank v Baisley,* 244 AD2d at 467; *see Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183 [1982]; *U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez,* 49 AD3d 711 [2008]).

Here, the plaintiff failed to establish his prima facie entitlement to summary judgment by submitting the subject mortgages, the unpaid note, and evidence of default. Further, triable issues of fact exist as to the validity of the mortgages, which, contrary to the plaintiff's contention, was not established in the divorce action between the defendants Julie Levine and Robert Levine (*see Levine v Levine,* 37 AD3d 550 [2007]), as well as the amount of consideration the plaintiff, as opposed to his corporation, purportedly paid for the mortgages (*see Dolphin v Marocik,* 222 AD2d 549 [1995]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.