GERDA B. CASSARA, Respondent, v JAMES I. WYNN, Also Known as JAMES WYNN, SR., Appellant. (Appeal No. 1.) [864 NYS2d 362]—Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered October 15, 2007 in a mortgage foreclosure action. The order, among other things, granted plaintiff's motion for summary judgment on the complaint and dismissed the answer.

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988 [1988]; *Chase Manhattan Bank, N.A. v Roberts & Roberts,* 63 AD2d 566, 567 [1978]; *see also* CPLR 5501 [a] [1]). Present—Smith, J.P., Lunn, Fahey and Peradotto, JJ.

 GERDA B. CASSARA, Respondent, v JAMES I. WYNN, Also Known as JAMES WYNN, SR., Appellant. (Appeal No. 2.) [865 NYS2d 436]—

Appeal from a judgment of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered October 15, 2007 in a mortgage foreclosure action. The judgment, upon an order granting plaintiff's motion for summary judgment, awarded plaintiff the sum of $81,925.95 against defendant.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and the answer is reinstated.

Memorandum: Plaintiff commenced this action seeking to foreclose on a mortgage given by defendant, which had been assigned to her by the mortgagee. We agree with defendant that there is an issue of fact whether plaintiff breached the terms of the mortgage and thus that Supreme Court erred in granting plaintiff's motion for summary judgment on the complaint. Plaintiff established her entitlement to judgment as a matter of law by submitting the mortgage, unpaid note, and proof of defendant's default (*see Rose v Levine,* 52 AD3d 800 [2008]; *Credit-Based Asset Servicing & Securitization v Grimmer,* 299 AD2d 887, 888 [2002]). Defendant, however, raised a triable issue of fact whether he has a valid defense to the action (*see Rose,* 52 AD3d 800 [2008]), inasmuch as tender of payment is a valid defense in a mortgage foreclosure action (*see e.g. United Cos. Lending Corp. v Hingos,* 283 AD2d 764, 765 [2001]; *First Fed. Sav. Bank v Midura,* 264 AD2d 407 [1999]). Here, defendant submitted evidence raising a triable issue of fact whether plaintiff breached the provision of the mortgage requiring her to furnish payoff figures to defendant and thereby constructively rejected defendant's efforts to tender payment satisfying the mortgage. Present—Smith, J.P., Lunn, Fahey and Peradotto, JJ.