T & V Construction, Inc., et al., Respondents, v Andrew Calapai, Appellant, et al., Defendant. [935 NYS2d 68]—

"The New York Recording Act (Real Property Law § 290 et seq.) protects a good faith purchaser for value from a prior unrecorded interest in real property provided, inter alia, that the subsequent purchaser's interest is the first to be duly recorded" (Transland Assets, Inc. v Davis, 29 AD3d 679, 679 [2006]; see Real Property Law § 291; Sprint Equities [NY], Inc. v Sylvester, 71 AD3d 664, 665 [2010]; Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709 [1997]). "The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d at 709; see Sprint Equities [NY], Inc. v Sylvester, 71 AD3d at 665).

Here, in moving for summary judgment dismissing the complaint insofar as asserted against him, the defendant Andrew Calapai failed to establish, prima facie, that he was a

good faith purchaser of the subject property. The evidence he submitted failed to eliminate a triable issue of fact as to whether he possessed "facts that would lead a reasonably prudent purchaser to make inquiries" that, in turn, would have disclosed the ownership interest of the plaintiff T&V Construction, Inc. (*Yen-Te Hsueh Chen v Geranium Dev. Corp.*, 243 AD2d at 709; *see Maiorano v Garson*, 65 AD3d 1300, 1302-1303 [2009]). Since Calapai failed to meet his initial burden as the movant, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of Calapai's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of Calapai's motion which was for leave to amend his answer to assert counterclaims against the plaintiffs John Varveris and Mona Varveris to recover damages for use and occupancy of and intentional damage to real property. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]; *see* CPLR 3025 [b]; *Malanga v Chamberlain*, 71 AD3d 644, 646 [2010]). Where, however, "an application for leave to amend is sought after a long delay and the case has been certified as ready for trial, 'judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious' " (*Countrywide Funding Corp. v Reynolds*, 41 AD3d 524, 525 [2007], quoting *Clarkin v Staten Is. Univ. Hosp.*, 242 AD2d 552, 552 [1997]). "The court's exercise of discretion in determining such an application will not lightly be disturbed" (*Trataros Constr., Inc. v New York City School Constr. Auth.*, 46 AD3d 874, 874 [2007]). In light of Calapai's delay in moving for leave to amend his answer to add counterclaims, and in light of his failure to set forth a reasonable excuse for the delay in seeking such relief, we discern no reason to disturb the Supreme Court's determination on this issue (*see Alrose Oceanside, LLC v Mueller*, 81 AD3d 574, 575 [2011]; *American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co.*, 68 AD3d 792, 794 [2009]).

Calapai's remaining contentions are without merit. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.