RIMA KRIGSMAN, as Executor of DORA AVRUMSON, Deceased, Respondent, v MORDECHAI CYNGIEL, Appellant, et al., Defendants. [14 NYS3d 94]—

In an action, inter alia, to impose a constructive trust, which was transferred by the Supreme Court, Kings County, the defendant Mordechai Cyngiel appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated January 6, 2014, as, in effect, denied those branches of the defendants' motion which were for leave to amend the answer so as to assert affirmative defenses to the first five causes of action based on the statute of limitations and the first six causes of action based on the statute of frauds and, in effect, denied, as premature, the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the eighth cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

"Leave to amend pleadings should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Gitlin v Chirinkin*, 60 AD3d 901, 901-902 [2009]; *see Schuyler v Perry*, 69 AD3d 33, 36 [2009]; *Sheila Props., Inc. v A Real Good Plumber, Inc.*, 59 AD3d 424, 426 [2009]; *Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929, 931 [2008]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin*, 60 AD3d at 902; *see Ingrami v Rovner*, 45 AD3d 806, 808 [2007]).

Here, the Surrogate's Court properly denied those branches

of the defendants' motion which were for leave to amend the answer so as to assert the affirmative defense of the statute of limitations to the first five causes of action and the affirmative defense of the statute of frauds to the first six causes of action, as the proposed affirmative defenses were palpably insufficient or patently devoid of merit with respect to those causes of action (*see Marcum, LLP v Silva*, 117 AD3d 917, 918-919 [2014]; *Blinds To Go [US], Inc. v Times Plaza Dev., L.P.*, 111 AD3d 776, 776 [2013]; *T & v Constr., Inc. v Calapai*, 90 AD3d 908, 909 [2011]; *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007]).

Moreover, the Surrogate's Court properly, in effect, denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action other than the eighth cause of action, albeit not because the motion was premature. Rather, the defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing those causes of action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In a related matter, the Surrogate's Court, in an order entered July 23, 2013, granted the petition of Mordechai Cyngiel, one of the defendants in this action, for a determination that Dora Avrumson, the decedent of the plaintiff in this action, failed to exercise a right of election against another decedent's estate pursuant to EPTL 5-1.1-A. On appeal, we are affirming that order insofar as appealed from (*see Matter of Cyngiel*, 130 AD3d 829 [2015] [decided herewith]). Accordingly, the the Surrogate's Court should have applied the doctrine of law of the case (*see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P.*, 116 AD3d 667, 669 [2014]), and granted that branch of the defendants' motion which was for summary judgment dismissing the eighth cause of action, which sought to enforce Avrumson's alleged right of election (*see generally Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). Although, pursuant to the law of the case doctrine, this Court is not bound by the Surrogate's Court's prior determination (*see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P.*, 116 AD3d at 669), in light of our affirmance of the order entered July 23, 2013, we perceive no basis for departing from the application of the law of the case doctrine. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.