# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1361

CA 15-00458

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTINA BUSSONE, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

SUSAN J. CIVIC, SARATOGA SPRINGS, FOR DEFENDANT-APPELLANT.

FEIN, SUCH & CRANE, LLP, ROCHESTER, D.J. & J.A. CIRANDO, ESQS.,
SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an amended order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered November 17, 2014. The amended order, among other things, granted plaintiff's motion for summary judgment.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this residential foreclosure action after Christina Bussone (defendant) defaulted on her mortgage payments. Defendant contends that Supreme Court erred in failing to acknowledge her opposing affidavit in its order granting plaintiff's motion for summary judgment. We conclude that defendant's contention is moot inasmuch as the court's amended order corrected the error and superseded the original order (*see generally Gorfinkel v First Natl. Bank in Yonkers*, 19 AD2d 903, 904, *affd* 15 NY2d 711). Although this appeal is from the original order, we deem it as taken from the amended order (*see generally* CPLR 5520 [c]; *Matter of Dante P.*, 81 AD3d 1267, 1267). We reject defendant's further contention that plaintiff lacked standing to commence the foreclosure action, and thus that the court erred in granting the motion. We conclude that plaintiff "met [its] initial burden of establishing [its] prima facie entitlement to judgment as a matter of law by submitting the mortgage [issued by defendant to plaintiff], the underlying note, and evidence of a default" (*Lawler v KST Holdings Corp.*, 115 AD3d 1196, 1198, *lv dismissed* 24 NY3d 989 [internal quotation marks omitted]; *see Ekelmann Group, LLC v Stuart* [appeal No. 2], 108 AD3d 1098, 1099). "The burden [thus] shift[ed] to the defendant to demonstrate 'the existence of a triable issue of fact as to a bona fide defense to the action' " (*Rose v Levine*, 52 AD3d 800, 801; *see Ekelmann Group, LLC*, 108 AD3d at

1099), and defendant failed to meet that burden.