Morand v Farmers New Century Ins. Co. (2019 NY Slip Op 03041)





Morand v Farmers New Century Ins. Co.


2019 NY Slip Op 03041


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-13314
 (Index No. 605710/14)

[*1]Gig Klein Morand, et al., appellants,
v
Farmers New Century Insurance Company, respondent.


Merlin Law Group, P.A., New York, NY (Verne A. Pedro of counsel), for appellants.
Marshall Dennehey Warner Coleman & Goggin, Melville, NY (Daniel W. Levin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered November 18, 2016. The order denied the plaintiffs' motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs filed a claim with their homeowner's insurer, the defendant, for damages to their home caused by the wind from Hurricane Sandy in October 2012. According to the plaintiffs, the defendant "underpaid certain portions of the claim and denied others." The plaintiffs commenced this action to recover full payment for damages to the premises. Nearly two years later, the plaintiffs moved for leave to amend the complaint to recover damages for contents within the home and additional living expenses. The plaintiffs also sought to recover consequential and punitive damages. The Supreme Court denied the plaintiffs' motion, stating that the plaintiffs' delayed attempt to add new damage claims constituted an "unfair surprise" to the defendant. The plaintiffs appeal.
Leave to amend pleadings " should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit'" (Krigsman v Cyngiel, 130 AD3d 786, 786, quoting Gitlin v Chirinkin, 60 AD3d 901, 901-902). " In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered'" (Yong Soon Oh v Hua Jin, 124 AD3d 639, 640, quoting Cohen v Ho, 38 AD3d 705, 706; see Caruso v Anpro, Ltd., 215 AD2d 713, 713). "Where, however, an application for leave to amend is sought after a long delay and the case has been certified as ready for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (T & V Constr., Inc. v Calapai, 90 AD3d 908, 909 [internal quotation marks omitted]; see Countrywide Funding Corp. v Reynolds, 41 AD3d 524). The court's exercise of its broad discretion in determining whether to grant leave to amend pleadings will not be lightly disturbed (see Krigsman v Cyngiel, 130 AD3d at 786; see Yong Soon Oh v Hua Jin, 124 AD3d at 640; T & V Constr., Inc. v Calapai, 90 AD3d at 909).
The Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend the complaint. The case had already been certified as ready for trial and nearly two years had passed since the plaintiffs filed the original complaint. Additionally, the new damage claims were based on facts that the plaintiffs had been aware of since prior to commencement of the action, and the plaintiffs did not provide any excuse for their delay in seeking leave to amend the complaint to add these claims. In light of these circumstances, there is no reason to disturb the court's determination to deny the plaintiffs' motion for leave to amend the complaint on the ground that it would unfairly surprise the defendant (see Yong Soon Oh v Hua Jin, 124 AD3d at 640; T & V Constr., Inc. v Calapai, 90 AD3d at 909; Countrywide Funding Corp. v Reynolds, 41 AD3d at 525; Caruso v Anpro, Ltd., 215 AD2d at 714).
We agree with the Supreme Court's determination that the plaintiffs' proposed claim for punitive damages was palpably insufficient. Damages "arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, but . . . punitive damages may be recoverable if necessary to vindicate a public right" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 315; see JPMorgan Chase Bank, N.A. v Corrado, 162 AD3d 994, 996). Punitive damages are available only where, inter alia, it is necessary to deter the defendant and others like it from engaging in conduct that is "morally culpable," or is "actuated by evil and reprehensible motives" (Walker v Sheldon, 10 NY2d 401, 404; see New York Univ. v Continental Ins. Co., 87 NY2d at 315-316). The plaintiffs' proposed amendment was palpably insufficient as a matter of law to establish such conduct (see New York Univ. v Continental Ins. Co., 87 NY2d at 315-316; Kinzer v Bederman, 59 AD3d 496, 497).
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court