McIntosh v Ronit Realty, LLC (2020 NY Slip Op 01484)





McIntosh v Ronit Realty, LLC


2020 NY Slip Op 01484


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-07492
 (Index No. 502428/14)

[*1]Bobb McIntosh, appellant, 
v
Ronit Realty, LLC, respondent (and a third-party action).


Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stephen Jacobson of counsel), for appellant.
Mitchell Troyetsky, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated May 12, 2017. The order denied the plaintiff's motion for leave to amend the complaint to add causes of action alleging violations of Labor Law §§ 200 and 241(6).
ORDERED that the order is affirmed, with costs.
In February 2014, the plaintiff allegedly sustained injuries when he slipped on an ice condition on the floor of an empty warehouse (hereinafter the premises). On the date of the incident, the plaintiff was sent to the premises by his employer to assist in the removal of an oil tank from the premises. The plaintiff had not commenced his work activities at the time the accident occurred. The defendant, Ronit Realty, LLC (hereinafter Ronit), was the owner of the premises.
In March 2014, the plaintiff commenced this action against Ronit, asserting a single cause of action sounding in common-law negligence. In February 2017, the plaintiff moved for leave to amend the complaint to add causes of action alleging violations of Labor Law §§ 200 and 241(6). In an order dated May 12, 2017, the Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
Pursuant to CPLR 3025(b), leave to amend or supplement a pleading is to be "freely given." "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222; see Urias v Daniel P. Buttafuoco & Assoc., PLLC, 173 AD3d 1244, 1245; Calamari v Panos, 131 AD3d 1088, 1089). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (Krigsman v Cyngiel, 130 AD3d 786, 786 [internal quotation marks omitted]; see Murray v City of New York, 43 NY2d 400, 405; Morales v 1415, LLC, 171 AD3d 913, 915). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (Yong Soon Oh v Hua Jin, 124 AD3d 639, 640 [internal quotation marks omitted]; see Morales v 1415, LLC, 171 AD3d at 915).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend the complaint. The plaintiff's proposed amendment to assert causes of action alleging violations of Labor Law §§ 200 and 241(6) was patently devoid of merit. Moreover, the plaintiff was aware of the facts upon which the motion was predicated from the inception of the litigation, and he failed to provide a reasonable excuse for his delay in moving for leave to amend.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court