**Flushing Bank v Cory Realty, Inc.**

2026 NY Slip Op 30916(U)

March 12, 2026

Supreme Court, New York County

Docket Number: Index No. 850032/2022

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. FRANCIS A. KAHN, III</u>      PART      **32**

*Justice*

-------------------------------------------------------------------X

FLUSHING BANK,

           Plaintiff,

           - V -

CORY REALTY, INC.,NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, RUBOZ
CONTRACTING INC.,ANTHONY ROBINSON, DEVIN'S
FISH & CHIPS,

           Defendant.

-------------------------------------------------------------------X

INDEX NO.     <u>850032/2022</u>

MOTION DATE     <u>      </u>

MOTION SEQ. NO.     <u>008</u>

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 008) 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 215, 220, 221, 222, 223, 224, 225, 226, 227

were read on this motion to/for      <u>JUDGMENT - SUMMARY</u> .

Upon the foregoing documents, the motion is determined as follows:

This is an action to foreclose on a consolidated and modified mortgage given by Defendant Cory Realty, Inc. ("Cory") which encumbers a parcel of real property located at 747 St. Nicholas Avenue, New York, New York. The mortgage secures a note which evidences a loan with an original principal amount of $1,275,000.00. The note and mortgage were executed by Defendant Anthony Robinson ("Robinson") as President of Cory. Concomitantly with these documents, Robinson executed a general guarantee. Plaintiff commenced this action alleging Defendants defaulted in repayment of the note. Defendants answered and pled nineteen affirmative defenses, including lack of standing and failure to serve contractual pre-foreclosure notice.

By order of this Court dated November 13, 2023, Plaintiff's motion for summary judgment and for an order of reference was denied because, at that point, an issue of fact exited as "to whether Plaintiff frustrated Defendants' right to fully tender all mortgage arrears". Now, after discovery, Plaintiff again moves for summary judgment against Cory and Robinson, for the appointment of a referee, and to strike the remaining affirmative defenses. Defendants oppose the motion.

In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law through proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see U.S. Bank, N.A. v. James*, 180 AD3d 594 [1st Dept 2020]; *Bank of NY v. Knowles*, 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v. Hudson Yards, LLC*, 78 AD3d 577 [1st Dept 2010]). Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR 3212[b]; *Tri-State Loan Acquisitions III, LLC v. Litkowski*, 172 Add 780

[* 1]

[1st Dept 2019]). In support of the motion, a plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v. Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No specific business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Like the prior motion, the present application is supported with an affidavit from Cono Mea ("Mea"), a Vice President of Plaintiff. This affidavit established the mortgage, note, evidence of mortgagor's default and was sufficiently supported by appropriate documentary evidence (*see eg Bank of NY v Knowles*, supra; *Fortress Credit Corp. v Hudson Yards, LLC*, supra). A defendants' default "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (*Deutsche Bank Natl. Trust Co. v McGann*, 183 AD3d 700, 702 [2d Dept 2020]). Annexed to the moving papers was the account ledger, in admissible form, demonstrating Defendants' failure to repay the indebtedness (*cf. Deutsche Bank Natl. Trust Co. v Kirschenbaum*, 187 AD3d 569 [1st Dept 2020]).

In Plaintiff's prior motion for summary judgment, Defendants raised a genuine issue of fact as to whether Plaintiff frustrated Defendants' right to fully tender all mortgage arrears with the affidavit of Robinson (*see Cassara v. Wynn*, 55 AD3d 1356 [4th Dept 2008]). Discovery was ordered on this affirmative defense, as well as those of unconscionability and bad faith (*see New York Guardian Mortgagee Corp. v. Olexa*, 176 AD2d 399 [3d Dept 1991]).

In opposition, Defendants' claim that Plaintiff failed to demonstrate all the elements of a cause of action for foreclosure is without merit. The affidavit and proffered business documents were all in admissible form. The argument that Plaintiff interfered with tender of arrears before acceleration of the indebtedness is not established. There is no evidence of Defendants' attempt to pay *all arrears*, which encompasses, among other items, accrued interest and late charges (*see Cardella v Giancola*, 297 AD2d 618 [2d Dept 2002]; *United Cos. Lending Corp. v Hingos*, 283 AD2d 764, 766 [3d Dept 2001]; *First Fed. Sav. Bank v. Midura*, 264 AD2d 407 [2d Dept 1999]). At his deposition, Robinson further could not identify any conduct by Plaintiff that frustrated his ability to tender the amount in arrears, and he could not state when he attempted to tender the arrears. Robinson's assertion there were sufficient funds in his bank account to cover the arrears is not corroborated by the documents submitted which show that the funds at issue were deposited after acceleration of the indebtedness. As such, Defendants' time to tender the arrears had expired and their only remedy was redemption (*see Home Sav. of Am. v. Isaacson*, 240 AD2d 633 [2d Dept 1981]).

Defendants' argument relating to unconscionability fails. In a foreclosure action, the viability of a defense of unconscionability is exceedingly infrequent (1 Bergman on New York Mortgage Foreclosures § 5.04 [2026]). This axiom is nearly an absolute bar in the instance of breach of payments due on the mortgage (*id.*). Based on the Court of Appeals' reluctance to interfere with the parties' agreements (*see JMD Holding Corp. v. Cong. Fin. Corp.*, 4 NY3d 373, 380 [2005]), even the most rapid acceleration for a nominal default is, despite its harshness, sanctioned (*see 1029 Sixth, LLC v. Riniv Corp.*, 9 AD3d 142, 149 [1st Dept 2004]; *Home Sav. of Am. v Isaacson*, 240 AD2d 633 [2d Dept 1997]). In the end, sympathy cannot be a basis to undermine contractual stability (*see L & L Assoc. Holding Corp. v Seventh Day Church of God of the Apostolic Faith*, 188 AD3d 1180, 1181 [2d Dept 2020]). Based on the facts presented, there is no proof that loan transaction or Plaintiff's actions after Defendants' default were either substantively or procedurally unconscionable (*see Weiss v Phillips*, 157

850032/2022 FLUSHING BANK, vs. CORY REALTY, INC. ET AL
Motion No. 008

Page 2 of 4

2 of 4

[* 2]

AD3d 1 [1st Dept 2017]; *Emigrant Mtge. Co., Inc. v Fitzpatrick*, 95 AD3d 1169 [2d Dept 2012]; *see also PHH Mtge. Corp. v Davis*, 111 AD3d 1110 [3d Dept 2013]).

Defendants' affirmative defense of bad faith is similarly flawed. That Plaintiff may have conditioned reinstatement on Defendants' curing of certain Environmental Control Board violations is not an inequitable act since this condition was only raised after Plaintiff accelerated the balance of the loan when it was not required to accept less than the total balance owed by Defendants (*see Home Sav. of Am. v. Isaacson, supra*). Defendants' assertion that the motion must be denied because discovery is outstanding is without merit as there is no proof Plaintiff is in exclusive possession of facts which would establish a viable defense to foreclosure (*see Island Fed. Credit Union v. I&D Hacking Corp.*, 194 AD3d 482 [1st Dept 2021]). In any event, any outstanding discovery demands were waived by Defendants' failure to timely seek vacatur of the note of issue (*see Simpson v City of New York*, 10 AD3d 601, 602 [2d Dept 2004]).

Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment against the appearing Defendants and an order of reference is granted; and it is

ORDERED that all the remaining affirmative defenses pled by Defendants are stricken, and it is

ORDERED that **Jerry Merola, Esq., 521 5th Avenue Suite 1700, New York, NY 10175 (212) 593-6111** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and examine whether the tax parcel can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge 22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing or is required to perform other significant services in issuing the report, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

850032/2022   FLUSHING BANK, vs. CORY REALTY, INC. ET AL
Motion No. 008

Page 3 of 4

[* 3]

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the Referee (promptly means within two business days); and it is further

ORDERED that if Defendant(s) have objections, they must submit them to the Referee within 14 days of the mailing of Plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that the failure by Defendants to submit objections to the Referee shall be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 30 days of receipt of the Referee's report; and it is further

ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it is further

ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

All parties are to appear for a virtual conference via Microsoft Teams on **July 16, 2026, at 10:40 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| 3/12/2026 | | |
|---|---|---|
| DATE | | FRANCIS KAHN, III, A.J.S.C. |
| | | HON. FRANCIS A. KAHN III J.S.C. |

CHECK ONE:

| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |

APPLICATION:

| | SETTLE ORDER | | | SUBMIT ORDER |

CHECK IF APPROPRIATE:

| | INCLUDES TRANSFER/REASSIGN | | X | FIDUCIARY APPOINTMENT | | REFERENCE |

850032/2022  FLUSHING BANK, vs. CORY REALTY, INC. ET AL
Motion No.  008

Page 4 of 4

[* 4]